**IN THE UNITED STATES DISTRICT CO1URT**

**FOR THE DISTRICT OF NEW MEXICO**

KENNEDY McDOW, SR.,

    Plaintiff,

v.                                                                                    No. 07 CV-1266 JB/WPL

CHRISTINE M. GONZALEZ, ROBERTA (ROBIN) NORTON,
THE STATE OF NEW MEXICO, ROXEANNE B. ESQUIBEL,
MELISSA ARMSTRONG, CANON STEVENS, MICHAEL KWASNIEWSKI,
NEW MEXICO STATE POLICE, GEORGE BENAL,
OTERO COUNTY SHERIFF OFFICE, JOHN BLANSETT,
NORBERT SANCHEZ, WILLIAM WOLTZ,
LEON LEDBETTER, LISA DELORM, EDUARDO MEDRANO,
ROBBIE VIRDEN, SERIOLOGICAL INSTITUTE, THOMAS FEDOR,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Evidentiary Hearing, filed January 13, 2008 (Doc. 3)("Motion"). The primary issue is whether the Court should grant Plaintiff Kennedy McDow, Sr., an evidentiary hearing. Because the motion may be both moot and premature, the Court will deny McDow's motion without prejudice to him renewing the request for an evidentiary hearing if he, at some point, deems one necessary or desirable.

**FACTUAL BACKGROUND**

McDow was tried on a number of criminal charges; he was acquitted on some counts, some counts were dismissed, and he was convicted of some charges. See Civil Rights Complaint Pursuant to Title 42 U.S.C.A. Section 1983 at 1-2, filed December 15, 2007 (Doc. 1)("Complaint"). McDow alleges, among other things, that, by allowing two Deputy District Attorneys to leave the District Attorney's Office and take over the Public Defender's Office, the Defendants violated not just his federal constitutional rights, but the rights of others who went through the Public Defender's Office.

See Motion at 2. McDow states his trial attorney had actively participated as prosecutor in the preparation of the State's case against him. See id. McDow states that this allegedly unconscionable conflict of interest requires federal judicial review. See id.

McDow represents that he is prepared to prove the erroneous procedures in which the Defendants engaged and the false testimonies that indicate his constitutional rights were violated. See id. at 1-2. He states that he is further prepared to prove that the Defendants engaged in gross corruption, and that there are no quality checks and balances within state government, thus allowing state employees acting under the color of state law to carry on their methods, without the State acknowledging what its employees are doing or taking any actions to prevent its respective law enforcement agencies from engaging in dereliction of the performance of their duties. See id. at 2. McDow alleges that his core United States constitutional rights have been severely violated and that he has no adequate remedy other than this action to bring closure to the incident. See id. at 1.

McDow argues that the Defendants' actions and chicanery have caused him a severe financial loss. See Motion at 1. McDow asserts that, because of the Defendants' actions, he has suffered a severe loss of property and company earnings in such a considerably high value that the harm to him warrants federal judicial review. See id. at 2.

## PROCEDURAL BACKGROUND

On December 15, 2007, McDow filed a civil lawsuit against Defendants State of New Mexico, Otero County Sheriff Office or Department, and other Defendants, alleges that the Defendants falsely imprisoned him, see id. at 2, violated his attorney-client privilege, see id. at 3, violated his civil Due-Process rights, see id., abused their authority, see id., and engaged in dereliction of duty, see id. McDow requests $400,000.00 in monetary damages because of his loss

of real estate. See id. at 4. McDow also requests compensatory damages for financial loss of company earnings, and punitive damages for mental anguish, "gross intentional affliction," and abuse of authority. Id.

On January 11, 2008, the Court entered an order referring the case for recommended findings and final disposition to the Honorable William P. Lynch, United States Magistrate Judge. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prison Cases, filed January 11, 2008 (Doc. 2)("Order of Reference"). In the Order of Reference, the Court stated:

> Pursuant to the provisions of 28 U.S.C. Section 636(b)(1)(B) and **Virginia Beach Federal Savings & Loan Association v. Wood**, 901 F.2d 849 (10th Cir. 1990), this prisoner case is referred to Magistrate Judge William P. Lynch to conduct hearings, if warranted, including evidentiary hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. The Magistrate Judge shall submit his analysis, including findings of fact, if necessary, and recommended disposition, to the District Judge assigned to the case, with copies provided to the parties. The parties shall be given the opportunity to object to the proposed findings, analysis and disposition as described in 28 U.S.C. Section 636(b)(1)(C). **Objections shall be filed within ten days of entry of the proposed disposition.**

Order of Reference at 1 (bolded in original). Two days later, on January 13, 2008, McDow filed his motion for evidentiary hearing, stating that he "hereby submits this motion in objection to provisions of 28 U.S.C. Section 636(b)(1)(B) pursuant to the applicable law that governs seeking remedy." Motion at 1. McDow states that he believes his action deserves to be heard and requests that the Court hear his motion upon its merits. See id. McDow also correctly notes that his case does not involve a post-trial appeal and that he is not a prisoner. See id.

Because 18 U.S.C. Section 636(b)(1)(B) does not apply to McDow's case, the Court, on February 25, 2008, entered an Order Rescinding Order of Reference. See Doc 5. The Order stated:

> THIS MATTER is before the court *sua sponte*. An Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases

>referring this matter to United States Magistrate Judge William P. Lynch was entered on January 11, 2008 (Doc. 2). This order was entered in error.
>
>Accordingly, the Court now rescinds its Order of Reference.

Order Rescinding Order of Reference, filed February 25, 2008 (Doc. 5)(emphasis in original).

## 28 U.S.C. § 636(b)(1)(B)

Section 636(b)(1)(B) of Title 28 of the United States Code provides:

>(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

"28 U.S.C. § 636(b)(1)(B) . . . sets forth the procedure for a magistrate judge to hear and make recommendations concerning certain dispositive matters." The Soc. of Lloyd's v. Bennett, 204 Fed.Appx. 728, 730 (10th Cir. 2006). "The district court did not need the green light from [the plaintiff] to refer his suit to the magistrate judge for a report and recommendation." Rollins v. Ingersoll-Rand Co., 240 Fed.Appx. 800, 802-803 (10th Cir. 2007)(citing Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000)("28 U.S.C. § 636(b)(1)(B) does not require the consent of the parties.")). "By statute, the district court may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for the disposition of, among other things, 'applications for posttrial relief made by individuals convicted of criminal offenses.'" United States v. McCall, 133 F.3d 933 (Table), No. 97-5054, 1998 WL 3462 at * 2 (10th Cir. January 6, 1998)(quoting 28 U.S.C. § 636(b)(1)(B)).

## ANALYSIS

"The failure of a party to file and serve a response in opposition to a motion within the time

prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). "A response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.6(a). Under the Local Rules for the District of New Mexico, the Court could deem the Plaintiffs' motion unopposed and the Defendants as consenting to the granting of the motion. By not filing any written response to McDow's motion, or seeking any extension of time to file a written response, the Defendants have effectively consented to the motion. Nevertheless, because McDow is proceeding pro se, and because some of the Defendants have filed motions to dismiss, the Court has reviewed McDow's motion on the merits.

It may be that McDow's motion is moot. The sequence of events suggest that McDow did not want the Court to refer his case to the Magistrate Judge. Because the Court rescinded its reference order, it may be that McDow has achieved all that he sought with the motion and that the motion is now moot.

On the other hand, McDow has asked for an evidentiary hearing. The Court cannot, at this time, determine whether an evidentiary hearing or trial is appropriate. Some of the Defendants have filed motions to dismiss. The Defendants are entitled to have the Court rule on these motions before the Court decides whether an evidentiary hearing or trial is necessary. Accordingly, McDow's motion is premature, and the Court will deny it without prejudice to McDow renewing his motion if he later decides an evidentiary hearing to be desirable or necessary.

McDow also asks the Court to allow him to serve summons on all Defendants in the case. A plaintiff does not need to seek leave to timely serve defendants named in the complaint. At the time that McDow filed his motion, there is no indication that he was not able to timely serve the Defendants. Accordingly, the Court will deny this portion of his motion as unnecessary.

The Court notes that McDow has, since filing the motion for an evidentiary hearing, filed two motions for an extension of time to serve all Defendants.  See Motion to Extend Deadline for Service of Summons, filed February 23, 2008 (Doc. 4); Motion to Extend Deadline for Service of Summons/Motion for Use of Marshal Service, filed April 7, 2008 (Doc. 17).  These motions address, among other things, McDow's need to enlarge the time for him to serve all of the Defendants.  The Court believes that it would be best to address that specific issue when it decides these two pending motions rather than attempt to decide that issue on the general request that McDow makes in this motion.

**IT IS ORDERED** that the Plaintiff's Motion for Evidentiary Hearing is denied without prejudice to him renewing the request for an evidentiary hearing if he, at some point, deems one necessary or desirable.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Kennedy McDow, Sr.
Atwater, California

   *Plaintiff Pro Se*

Robert T. Booms
Butt, Thornton & Baehr
Albuquerque, New Mexico

   *Attorneys for Defendants Serological Institute and Thomas Fedor*

Louren M. Oliveros
Mark A. Pustay
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christine M. Gonzalez*

Stephen G. French
Kerri L. Allensworth
French & Associates, PC
Albuquerque, New Mexico

    *Attorneys for Defendants State of New Mexico, New Mexico State Police, Roxanne B. Esquibel, Melissa Armstrong, and George Bernal*

Patrick Simpson
Legal Bureau for the State Risk Management Division
Santa Fe, New Mexico

    *Attorneys for Defendants Canon Stevens and Michael Kwasniewski*

Jonlyn M. Martinez
William D. Slease
Slease & Martinez, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Otero County Sheriff Office, John Blansett, Norbert Sanchez, William Woltz, Leon Ledbetter, Lisa Delorm, Eduardo Medrano, and Robbie Virden*